**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MERCER GLOBAL ADVISORS INC.,

Plaintiff,

v.

KEVIN LAMAR RAINWATER,

Defendant.

Civil Action No. 23-CV-04964-SEG

## MERCER GLOBAL ADVISOR INC.'S RESPONSE TO NON-PARTIES MARCUS ASHWORTH AND VANESSA PATTERSON'S OBJECTIONS TO PLAINTIFF'S SUBPOENA'S TO TESTIFY AT A CIVIL DEPOSITION PURSUANT TO RULE 45

Plaintiff Mercer Global Advisors Inc. ("Mercer"), respectfully submits this Response to Non-Parties Marcus Ashworth and Vanessa Patterson's Objections to Plaintiff's Subpoena(s) to Testify at a Civil Deposition Pursuant to Rule 45 ("Objection").

Fact discovery ends on June 21, 2025.  On March 17, 2025, Mercer served document and deposition subpoenas on third parties Marcus Ashworth and Vanessa Patterson.  True and correct copies of the subpoenas are attached as Exhibit A.  On March 20, 2025, newly hired counsel for Mr. Ashworth and Ms. Patterson requested Mercer's consent to postpone the depositions (and related document production) for 2-3 weeks and to move the depositions to their offices.  Mercer consented to both requests.  The depositions were rescheduled by agreement for April 16, 2025 and April

1

18, 2025.  *See* Notice of Continuance of Depositions of Vanessa Patterson and Marcus Ashworth (Doc. 74).

Previously—on March 6, 2025—Mercer filed its currently pending Motion for Leave to Amend the Complaint and Add a Party Defendant (Doc. 62).  Mercer seeks to add Defendant Rainwater's current employer, BlueChip Wealth Advisors, as a defendant.  Both Mr. Ashworth and Ms. Patterson are employees of BlueChip.  As set forth in Mercer's motion to amend, Mercer has obtained through discovery strong evidence that BlueChip cooperated with Mr. Rainwater's misappropriation of Mercer trade secrets.  Defendant Mr. Rainwater has specifically implicated both Mr. Ashworth and Ms. Patterson in his sworn deposition testimony.

On March 27, 2025, counsel for Mr. Ashworth and Ms. Patterson asked whether Mercer had any intention of pursuing a claim against either party.  Counsel for Mercer promptly immediately in the affirmative, explaining that it had presumed BlueChip would have previously learned of Mercer's motion to amend from BlueChip's own employee Defendant Rainwater (who had been on notice for over a month).  On March 31, 2025, counsel for counsel for Mr. Ashworth and Ms. Patterson filed this Objection seeking to excuse Ashworth and Patterson from complying with Mercer's subpoenas on the basis that BlueChip may be joined in this action.

**ARGUMENT**

Though styled as an "Objection," Mr. Ashworth and Ms. Patterson's filing requests that this Court postpone the depositions until after the Court decides Mercer's motion to amend, so that Mr. Ashworth and Ms. Patterson "can properly prepare and participate with full knowledge of any potential liability of BlueChip." But Mercer seeks only the honest, sworn testimony of Mr. Ashworth and Ms. Patterson, regardless of whether BlueChip is ever joined as a defendant in this action.

**A.      The Objection is Procedurally Improper and Should be Denied**

On March 31, 2025, Mercer received service of the Objection via the ECF filing system. Mercer promptly notified counsel for Mr. Ashworth and Ms. Patterson that the Objection is procedurally improper and does not excuse Mr. Ashworth or Ms. Patterson from appearing for their scheduled depositions. Despite Mercer's repeated requests, counsel for Mr. Ashworth and Ms. Patterson has steadfastly refused to meet-and-confer by telephone to try to resolve their objections to Mercer's subpoenas.

The Objection is not in the form of a motion seeking a ruling by the Court and should be denied on that basis. *See* N.D. Ga. L.R. 7. Even if the Court were to construe the Objection as a motion, Mr. Ashworth and Ms. Patterson have failed to include a memorandum of law or cite any authority supporting their position that a third party deposition can be avoided where a possibility exists that the third party's employer might be joined as a party. *See* N.D. Ga. L.R. 7.1(A(1). Mr. Ashworth and

Ms. Patterson also have failed to comply with this Court's Standing Order, as they made no effort to meet and confer with counsel for Mercer to resolve this dispute before filing their "Objection." *See* Hon. Judge Geraghty's Standing Order Regarding Civil Litigation, Sec. IV.I.

Fed. R. Civ. P. 45(d)(3) permits a third party wishing to avoid complying with a subpoena to move to quash or modify the subpoena. The Objection is not a motion to quash or modify the subpoena and fails to meet the requirements set out in Rule 45(d).

Pursuant to the Hon. Judge Geraghty's Standing Order, "prior to filing any motion related to discovery, including but not limited to motions to compel discovery, to quash a subpoena, for a protective order, or for sanctions (with the exception of unopposed, consent, or joint motions to extend the discovery period), the movant, after conferring with the respondent in a good-faith effort to resolve the dispute by agreement, must contact the Courtroom Deputy Clerk, Ms. Pittman, by email, copying opposing counsel, to notify her that there is a discovery dispute." Standing Order at pp. 21-22. Counsel for Mr. Ashworth and Ms. Patterson never requested to meet-and-confer with Mercer and never attempted to resolve the dispute by agreement prior to filing the Objection.

The Objection should be denied as a procedurally improper filing.

## B.    Ashworth and Patterson Cite No Authority

Mr. Ashworth and Ms. Patterson claim that because Mercer did not disclose to them that it is seeking to add BlueChip to this action as a defendant, it is both inappropriate and unfair for the depositions to proceed until Mercer's motion is resolved.   Under the Rules, however, Mercer is permitted to conduct third-party discovery, regardless of whether BlueChip is later joined as a party.  More importantly, Mr. Ashworth and Ms. Patterson have provided no authority supporting their position that a third-party may refuse to comply with a subpoena because of the possibility the third-party may later be joined in the case.  Plaintiff Mercer is similarly unaware of any authority to support that position.

Not that it matters, but Mercer's motion for leave is not somehow "undisclosed," as counsel for Mr. Ashworth and Ms. Patterson allege.  Mercer's motion to amend was filed in open court and is readily accessible to the public, including counsel for Mr. Ashworth and Ms. Patterson.  Though Mercer was under no obligation to inform BlueChip of its motion to amend, it nonetheless did so promptly upon inquiry by BlueChip's counsel.[1]  Indeed, Mercer's counsel had quite reasonably presumed that Defendant Rainwater, who had been aware of the motion to amend for several weeks,

---

[1] Though counsel for Mr. Ashworth and Ms. Patterson freely speculate as to Mercer's alleged intention to "conceal" its publicly filed motion to amend, they omit any mention of their own failure to consult the Court's online, publicly available docket after their clients were served with subpoenas in this action.

had already informed his employer of its filing.

The Objection should be denied because Mr. Ashworth and Ms. Patterson cite no authority to support their request for a continuance of the third-party depositions.

Dated: April 4, 2025

Respectfully submitted,

By: /s/ *Shane Nichols*
A. Shane Nichols
(Georgia Bar No. 542654)

**MCDERMOTT WILL & EMERY LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Tel:  404-260-8553
Fax:  404-393-5260
ShaneNichols@mwe.com

Jodi Benassi
*admitted pro hac vice*
**MCDERMOTT WILL & EMERY LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94102
Tel: 628-218-3896
jbenassi@mwe.com

*Attorneys for Plaintiff*
*Mercer Global Advisors Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1 and 7.1(D), the undersigned counsel certifies that the foregoing document complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

April 4, 2025

*/s/ Shane Nichols*
A. Shane Nichols
Georgia Bar No. 542654
McDERMOTT WILL & EMERY LLP

**ATTORNEYS FOR PLAINTIFF**
**MERCER GLOBAL ADVISORS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 4, 2025, I electronically filed the foregoing document in the Court's electronic case files ("ECF") system, thereby automatically serving all counsel of record.

April 4, 2025

*/s/ Shane Nichols*
A. Shane Nichols
Georgia Bar No. 542654
McDERMOTT WILL & EMERY LLP

**ATTORNEYS FOR PLAINTIFF
MERCER GLOBAL ADVISORS INC.**