**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MERCER GLOBAL ADVISORS INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN LAMAR RAINWATER and BLUECHIP WEALTH ADVISORS, LLC, <br><br> Defendants. | Civil Action No. 23-CV-04964-SEG |

**MERCER GLOBAL ADVISORS INC.'S PROPOSAL TO ENSURE
DEFENDANT BLUECHIP WEALTH ADVISORS, LLC'S COMPLIANCE
WITH ITS ELECTRONIC DISCOVERY OBLIGATIONS**

Pursuant to the Court's Minute Order of June 3, 2026, Plaintiff Mercer Global Advisors Inc. ("Mercer") submits the following proposal to ensure Defendant BlueChip Wealth Advisors, LLC ("BlueChip") complies with its electronic discovery obligations, as Mercer sought in its Emergency Motion to Compel Forensic Examination (Doc. 168) and for obtaining a subset of the electronically stored information ("ESI") identified in that motion. Mercer's objective is not to expand discovery, but rather to obtain the ESI that BlueChip was obligated to preserve, collect and produce during the original fact discovery period in this case.

## I.    The Court's Requirement to Meet and Confer

On June 8, 2026, Mercer sent BlueChip's counsel a draft ESI proposal (Nichols

1

Decl., Ex. 1) together with a spreadsheet of proposed search terms ("Search Terms")(Nichols Decl., Ex. 2). On June 10, 2026, counsel for Mercer and BlueChip met and conferred to discuss Mercer's proposal. (Nichols Decl. at ¶6). Counsel for BlueChip did not provide Mercer with an ESI proposal or counterproposal to Mercer's ESI Proposal prior to the meet and confer. *Id.* The parties were unable to reach an agreement concerning the procedures necessary to ensure the collection and production of the relevant ESI, during the meet and confer. *Id.* Following the meet and confer, and in response to Mercer's repeated request for a counterproposal, BlueChip's counsel sent an email on June 10, 2026 responding to portions of Mercer's ESI Proposal and characterizing the parties' meet and confer from BlueChip's perspective (Nichols Decl., Ex. 3). BlueChip declined Mercer's proposal to submit a joint ESI proposal to the Court. (Nichols Decl. at ¶6). Following the meet and confer, Mercer revised its ESI Proposal to accommodate some of BlueChip's stated concerns.

Although the parties could not reach an agreement, counsel for Mercer made a good faith effort to agree on an alternate remedy to address the concerns about BlueChip's discovery raised in Mercer's Emergency Motion to Compel Forensic Examination (Doc. 168).

## II. Mercer's Alternate Proposal for Obtaining BlueChip's ESI

To facilitate the efficient, neutral, and proportional collection of responsive ESI, Mercer proposes that Epiq Global, Inc. ("Epiq"), acting as an independent third-party

vendor, perform the collection, processing, and search of BlueChip's data sources for information responsive to Mercer's discovery requests.

### A.    Scope of ESI Collection

Epiq shall limit all ESI collection to January 2023 - August 2025 ("Date Range").  The Date Range begins with the era in which BlueChip began recruiting discussions with Defendant Kevin Rainwater ("Rainwater").

Epiq shall only collect ESI from the BlueChip-issued devices and data repositories of BlueChip personnel: Marcus Ashworth, Jessica Vickery, Kevin Rainwater, and Vanessa Patterson (collectively, the "Specified Custodians").

Epiq shall perform searches for ESI using the search term strategy attached hereto (Nichols Decl., Ex. 4), on only the following BlueChip business data sources:

1. BlueChip's Box and Smarsh cloud-based document repositories[1];
2. BlueChip CRM systems, Advyzon and Redtail;
3. BlueChip financial reporting system; and
4. BlueChip-issued computers used by the Specified Custodians.

Epiq shall not search personal devices, personal email accounts, and non-business repositories, except for the following:

1. Marcus Ashworth's text message exchanges with Rainwater, and
2. Marcus Ashworth's email communications with Rainwater using Ashworth's personal email account, including without limitation emails relating to the collection and transmission of data for the Fidelity application.

---

[1] Mercer is relying on Scott McMickle's representation to the Court that the Smarsh data repository is a permanent repository for all incoming and outgoing BlueChip emails.

**B.    ESI Collection Protocol**

Epiq shall make all ESI satisfying the Search Terms available to BlueChip's counsel for privilege review prior to production.  BlueChip shall have 10 days to complete its review and provide a privilege log to Mercer.  Epiq shall then provide the non-privileged documents to Mercer and BlueChip in a Relativity database.

All ESI collected by Epiq shall be maintained securely and treated as Confidential or Highly Confidential - Attorneys' Eyes Only, pursuant to the Protective Order.  Epiq shall not disclose any collected ESI except as necessary to carry out the ESI collection approved by the Court.

**C.    Costs and Reimbursement**

Mercer shall front the reasonable fees and costs charged by Epiq in connection with the collection, processing, and search of electronically stored information pursuant to this ESI Proposal.  BlueChip shall cooperate with Epiq's collection efforts. If BlueChip causes Epiq's collection efforts to be unreasonably delayed or difficult, BlueChip shall be responsible for any resulting additional fees incurred.

Mercer's position is that BlueChip should have taken the steps defined in this ESI Proposal, at its own expense, months ago.  Nothing in this ESI Proposal shall prejudice Mercer's right to seek cost-shifting, reimbursement, sanctions, or other relief from the Court.  Mercer reserves the right to seek reimbursement from BlueChip of all or part of the Epiq-related costs and expenses, based on the results of the ESI

collection, the adequacy of BlueChip's prior discovery efforts, and/or any subsequent order of the Court.

Mercer is fronting ESI collection costs solely for purposes of facilitating an efficient and timely collection process and shall not constitute an admission of responsibility for such costs or any issue in dispute in this litigation.

Respectfully submitted on June 10, 2026,

**MCDERMOTT WILL & SCHULTE**

By: /s/ *Shane Nichols*
A. Shane Nichols
(Georgia Bar No. 542654)
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Tel:  404-260-8553
Fax:  404-393-5260
ShaneNichols@mcdermottlaw.com

Jodi Benassi (*admitted pro hac vice*)
415 Mission Street, Suite 5600
San Francisco, CA 94102
Tel: 628-218-3896
jbenassi@mcdermottlaw.com

*Attorneys for Plaintiff*
*Mercer Global Advisors Inc.*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 10, 2026, I electronically filed the foregoing document in the Court's electronic case files ("ECF") system, thereby automatically serving all counsel of record.

> <u>*/s/ Shane Nichols*</u>
> A. Shane Nichols
> Georgia Bar No. 542654