**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MERCER GLOBAL ADVISORS INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN LAMAR RAINWATER and BLUECHIP WEALTH ADVISORS, LLC, <br><br> Defendants. | Civil Action No. 23-CV-04964-SEG |

**MERCER GLOBAL ADVISORS INC.'S BRIEF
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE
CERTAIN DOCUMENTS UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2(d), the Court's Local Rules, the Standing Order Regarding Civil Litigation issued by the Honorable Sarah E. Geraghty, and the Protective Order issued in this case, Plaintiff Mercer Global Advisors Inc. ("Mercer") submits this Brief in Support of its Motion for Leave to File Certain Documents Under Seal.

## I.   INTRODUCTION

This case began as a trade secrets misappropriation and breach of contract case against a single defendant, Mercer's former wealth advisor Defendant Kevin Rainwater ("Rainwater"). After leaving Mercer to join BlueChip Wealth Advisors, LLC ("BlueChip") in September 2023, Rainwater improperly kept and used Mercer's

trade secrets.  Mercer took Mr. Rainwater's deposition on February 5, 2025.  During his deposition, Mr. Rainwater admitted that he had Mercer's trade secrets and confidential information stored on his personal computer, and that he transmitted, in an email to BlueChip, a list of Mercer clients, along with other confidential information of Mercer's.  Mr. Rainwater also admitted that he instructed BlueChip personnel to begin contacting the clients on that list to start converting them from Mercer clients to BlueChip clients.  Mr. Rainwater admitted that BlueChip personnel followed those instructions.  Rainwater breached his employment agreements by improperly soliciting Mercer's clients to leave Mercer and move their business to BlueChip.

The documents that Mercer seeks to seal are certain exhibits to the Declaration of Shane Nichols in Support of Mercer's Proposal to Ensure Defendant BlueChip Wealth Advisors, LLC's Compliance with its Electronic Discovery Obligations, as follows:

1. Exhibit 2 – Mercer's Objections and Responses to BlueChip Wealth Advisors, LLC's First Set of Requests for Admission.

2. Exhibit 3 – Email received from BlueChip's counsel on June 10, 2026.

3. Exhibit 4 – Mercer's proposed search terms as revised during June 10, 2026 meet and confer.

## II.    LEGAL STANDARD

"The common-law right of access to judicial proceedings[] [is] an essential component of our system of justice." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*,

263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common-law right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589, 98 S. Ct. 1306, 1308, 55 L. Ed. 2d 570 (1978). As such, pursuant to Section II.J of Appendix H of the Northern District of Georgia Local Rules, counsel may request the sealing of any filing and, in doing so, must establish good cause for the sealing. *See also Chicago Trib.*, 263 F.3d at 1310 ("Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure."). "Whether good cause exists 'is a factual matter to be decided by the nature and character of the information in question.'" *Valente v. Int' Follies, Inc.*, No. 1:16-CV-1138-ELR-JSA, 2017 WL 11723886, at *2 (N.D. Ga. Oct. 16, 2017) (quoting *Chicago Trib.*, 263 F.3d at 1315). It requires "a balancing of competing interests." *Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, No. 1:13-CV-500-TWT, 2015 WL 14984, at *1 (N.D. Ga. Jan. 12, 2015); *see also id.* at *2 ("In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, court consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of an injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to

3

sealing the documents").

## III.    ARGUMENT

The confidential information that Mercer seeks to seal are the proposed search terms and BlueChip's email thread that include confidential client information, including client names, email addresses, and telephone numbers.  No public interest is served by filing such confidential information in the public record.  Mercer seeks to protect the confidential client information.

## IV.    CONCLUSION

Mercer's Motion and Brief in Support of Its Rule 36(b) Motion to Withdraw or Amend Admissions relies on the confidential information included in the documents identified above.  Mercer respectfully requests that the Court order that the documents described herein be sealed in their entirety to adequately protect the confidential information from public disclosure.  A proposed order has been concurrently submitted.

Dated: June 10, 2026                    Respectfully submitted,

By: /s/ *Shane Nichols*
A. Shane Nichols
(Georgia Bar No. 542654)
**MCDERMOTT WILL & SCHULTE LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Tel:  404-260-8553
Fax:  404-393-5260

ShaneNichols@mcdermottlaw.com

Jodi Benassi
*admitted pro hac vice*
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94102
Tel: 628-218-3896
jbenassi@mcdermottlaw.com

*Attorneys for Plaintiff*
*Mercer Global Advisors Inc.*

5

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1 and 7.1(D), the undersigned counsel certifies that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

June 10, 2026

/s/ *Shane Nichols*
A. Shane Nichols
Georgia Bar No. 542654
McDERMOTT WILL & SHULTE LLP

**ATTORNEYS FOR PLAINTIFF
MERCER GLOBAL ADVISORS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2026, I electronically filed MERCER

GLOBAL ADVISOR INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE

TO FILE CERTAIN DOCUMENTS UNDER SEAL in the Court's electronic case files

("ECF") system, thereby automatically serving all counsel of record.

June 10, 2026

/s/ Shane Nichols
A. Shane Nichols
Georgia Bar No. 542654
McDERMOTT, WILL & SHULTE LLP

**ATTORNEY FOR PLAINTIFF
MERCER GLOBAL ADVISORS INC.**